### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Case No. 15 – cv – 515 – MSK - GPG

GARY R. MORRIS,

    Plaintiff,

v.

GEOVIC MINING CORPORATION,

    Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Gordon P. Gallagher, United States Magistrate Judge**

**Introduction:**

    This matter comes before the Court as a result of Plaintiff's objection (Document 8) to the notice of removal (Document 1), Defendant's response to the objection (Document 14) and Plaintiff's reply thereto (Document 16). By order of reference, (Document 10), this matter has been referred to the Magistrate Judge.  The Court has reviewed the pending objection, the response, the reply and other exhibits attached thereto.  The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises.  Oral argument would not materially assist the Court from filing a recommendation as to this objection/motion. For the

reasons discussed below, the Court respectfully recommends that this action be remanded to State Court.[1]

Plaintiff originally filed suit in Colorado State Court, specifically Mesa County District Court, which is located in Grand Junction, Colorado. Defendant removed this action, based on a diversity jurisdiction theory under 28 U.S.C. § 1441 and based on a theory that ERISA involvement preempts state law thus requiring removal. Plaintiff objects to that removal.

Pursuant to FRE 201, the Court takes judicial notice, *sua sponte*, of the following facts which are not reasonably subject to dispute: Mesa County and the 21st Judicial District for the State of Colorado are synonymous. The one and only place where court is held in the 21st Judicial District, at the state court level, is the Mesa County Justice Center located in Grand Junction, Colorado. Mesa County is a county within the State of Colorado. Grand Junction, the location of the aforementioned courthouse, is approximately 250 miles West of Denver, the capitol of Colorado. Federal court is held in the Wayne Aspinall Federal Building in Grand Junction, Mesa County, Colorado. One part-time Magistrate Judge, the undersigned judicial officer, is assigned to and sits in the Wayne Aspinall Federal Building in Grand Junction. The United States Court for the District of Colorado is a unified district in that it has no divisions or separate districts, e.g., East, West, etc. All district judges (7 active and 4 senior) sit in Denver,

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Colorado. All full-time magistrate judges sit in Denver. District judges from Denver regularly hold hearings in Grand Junction in person and by video tele-conference ("VTC").

**Plaintiff's offer to withdraw the objection upon agreement to stay in Grand Junction:**

The Court will first address one issue from Plaintiff's reply (Document 16) in which Plaintiff essentially offers to withdraw the objection to removal "provided that all preliminary hearings are conducted before the Magistrate [Judge] located in Mesa County, Colorado, and that the trial of the civil action is conducted before a Federal District Court Magistrate [Judge] or Judge in the Federal District Courthouse located in Mesa County, Colorado." While the Court appreciates Plaintiff's offer to resolve this issue by entering into such an agreement, that is an invitation that the Court cannot and will not accept.

As the parties may be aware, the judicial officers appointed to the United States District Court for the District of Colorado have made a concerted and significant effort to hold hearings for cases logically located in either Durango or Grand Junction in those locations. This has recently manifested itself by the passing into local rule of the Durango and Grand Junction protocols for criminal cases. Over the last two years, several trials, two civil and one criminal, have been conducted in Grand Junction before three different district judges (two also being jury trials). In this action, the magistrate judge assignment was switched from the randomly paired Denver Magistrate Judge to the undersigned Grand Junction Magistrate Judge for the convenience of the parties and counsel (Document 9). It may well be that each and every hearing in this action is held in Grand Junction. However, there are to many disparate variables that prohibit any sort of guarantee or promise being made in that regard.

Pursuant to 28 U.S.C. § 1441(a), a civil action which otherwise qualifies under the statute "may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such an action is pending." In the present circumstance, the district is the entire State of Colorado, and as noted *supra*, there are no divisions to this district. This matter is currently assigned to Chief Judge Krieger as the presiding judicial officer. Chief Judge Krieger may well determine to hold all hearings that are to be held before the district judge, either by VTC or in person, in Grand Junction. But, that may not occur. So long as the undersigned Magistrate Judge remains assigned to this case, which is likely to be for the remainder of the case, all hearings before the magistrate judge will be in Grand Junction. In addition, the Court can conceive of numerous scenarios under which this case could be assigned to another presiding judicial officer, e.g., unanimous consent to a full-time magistrate judge's jurisdiction, a conflict or other circumstance that might require reassignment to another presiding district judge, etc. Any of these scenarios, however speculative, could result in the matter being held in Grand Junction or somewhere else in the District. The Court can even conceive of circumstances which may result in transfer of venue to another district. *See* 28 U.S.C. § 1404. For all of those reasons the Court must decline the invitation to offer some sort of guarantee as to the specific federal courthouse where this matter will be heard and must address the objection on the merits.

**The forum selection clause:**

Plaintiff argues that removal is not appropriate due to the existence of a forum selection clause in the executive employment agreement (Document 1-2). The clause reads as follows:

    10.    Governing law and venue.

    This agreement shall be governed by and interpreted in accordance with the laws of Colorado, United States and venue for any action relating to or arising out of this Agreement shall only be proper in Mesa County, Colorado, USA.

The agreement containing this clause was signed by the parties on May 6, 2008. There appears, from the arguments of Counsel, to be no disagreement as to the validity of the clause but only as to its interpretation.

A forum selection clause is a legal manner of waiving a statutory right, the right to removal from a state court to federal court, and should be given effect so long as the waiver is "clear and unequivocal." *See Milk N' More v. Beavert*, 963 F.2d 1342,1346 (10th Cir. 1992) (citations omitted). Absent some other public policy embedded in a particular statute, Colorado law does not void or prohibit forum selection clauses. *Cagle v. Mathers Family Trust*, 295 P.3d 460 (Colo. 2013).

In the instant case, the parties do not dispute that a forum selection clause (as set forth above) exists, that both parties agreed to and are signatories to the clause and that the clause identifies mandatory venue in the action. *See e.g. K & V Scientific Co. v. BMW*, 314 F.3d 494, 499 (10th Cir. 2002) (finding that a Court should enforce a forum selection clause by requiring the case to proceed in the venue set forth in the clause). The selection clause states that "venue . . . shall only be proper . . ." clearly identifying that this is a mandatory not a permissive forum selection clause. In addition, Plaintiff argues in the objection (Document 8, para. 3) and Defendant does not refute that the clause and contract were drafted by Defendant, thus perhaps resulting in any ambiguity being construed against the Defendant. However, in a non-insurance case where both parties appear sophisticated, particularly if both were represented by counsel during the contract negotiations, ambiguities are not necessarily construed against the drafter and

instead the primary goal is to try and discern the intent of the parties. *See Moland v. Industrial Claim*, 111 P.3d 507 (Colo. App. 2004). The sole issue is whether federal courts are included in the agreement. Plaintiff argues that the clause only allows the action to proceed in Colorado state court in Mesa County, Colorado. Defendant argues that the definition is broader, including the United States District Court for the District of Colorado as said Court sits in Grand Junction on at least some occasions.

The interpretation and enforceability of a forum selection clause presents a question of law. *Id. at 497*. The parties do not address what forum's law as to contract interpretation governs this issue. As the clause reads "[t]his agreement shall be governed by and interpreted in accordance with the laws of Colorado, United States," the Court will analyze the matter by applying substantive principles of contract interpretation as found in Colorado law. *See Blackhawk – Central City Sanitation Dist. V. Am. Guar. & Liab. Ins. Co.*, 214 F.3d 1183, 1188 (10th. Cir. 2000). Under Colorado law, well settled principles of contract interpretation dictate that the Court should attempt to give words in the contract their plain and ordinary meaning, unless a contrary intent is evidenced. *Cyprus Amax Minerals Co. v. Lexington Ins. Co.,* 74 P.3d 294, 299 (Colo. 2003). The Court would prefer to look to Colorado cases for analogous language in other forum selection clauses which might help determine whether Defendant's position, that either state or federal court in Mesa County, Colorado, is a proper reading of the instant forum selection clause. However, no such cases seem to exist. The Court postulates that the reason for a dearth of such examples in Colorado case law is that such a decision would logically be made in Federal Court in a position such as appears here, a motion for remand. Thus, the Court will look at examples in Federal case law, still applying Colorado law as set forth *supra* in *Cyprus Amax*.

The forum selection clause here in is remarkably similar to the disputed clause in *Milk N' More* which read "shall be governed by the laws of the State of Kansas and the parties further agree that venue shall be proper under this agreement in Johnson County, Kansas." *Milk N' More supra at* 1343.  The Court in that case found venue to be proper in state court.  *Id. at* 1346.  Another pertinent example of a slightly different forum selection clause is found in *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320 (10th Cir. 1997):

> In the event that any dispute shall arise with regard to any provision or provisions of this Agreement, this Agreement shall be subject to, and shall be interpreted in accordance with, the laws of the State of Colorado. Jurisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado.

The District Court in *Excel* remanded the case and the 10th Circuit upheld that decision.  Of course, the *Excel* forum selection clause had the additional language "[j]urisdiction shall be in the State of Colorado" which the instant clause does not have.

Ultimately, the intent of the parties at the time of drafting/ signing the clause in this case must be divined based on the language and common sense.  If the current clause dealt only with venue, that being Mesa County, Colorado, and said nothing about choice of law, the Court might be convinced that either federal court or state court in Mesa County, Colorado could be equally valid choices.  However, the additional language regarding choice of law, in combination with the venue portion of the clause convinces the Court that the intent and clear meaning of the mandatory forum selection clause in question is that a conscious decision was made to proceed in state courts for the State of Colorado and then only in Mesa County, Colorado.  But that is not the end of the analysis.

**ERISA:**

Defendant essentially argues that the forum selection clause is irrelevant to this litigation because the litigation implicates the Employee Retirement Income Security Act ("ERISA") under 29 U.S.C. § 1001 *et seq*. and thus Defendant argues that the federal courts have exclusive jurisdiction over the action. This raises three questions: first, do the federal courts have such exclusive jurisdiction; two, can that jurisdiction be waived by way of a forum selection clause; and three, does this action implicate ERISA such that any exclusive jurisdiction would apply. Defendant bears the burden of showing that removal is proper and that the federal court has original jurisdiction. *See McNutt v. General Motors Acceptance Corp.,* 56 S.Ct. 780, 785 (1936).

**The source of federal court jurisdiction over ERISA claims:**

Federal Court jurisdiction over ERISA actions, ERISA preemption, exists in two ways, conflict preemption and complete preemption. *See Coldesina v. Estate of Simper*, 407 F.3d 1126 (10th Cir. 2005); *see also Rivera v. Los Alamos National Security, LLC*, 2015 WL 590533 (D. N.M. 2015). Conflict preemption is based in ERISA at 29 U.S.C. § 1144(a) stating "[t]he provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." Conflict preemption is a federal defense to a plaintiff's suit. *Metropolitan Life Ins. Co. v. Taylor*, 107 S.Ct. 1542, 1546 (1987). A defense does not appear on the face of a well plead complaint thus not allowing removal to federal court. *See Gully v. First Nat. Bank*, 57 S.Ct. 96, 97-98 (1936). Because conflict preemption is only a federal defense it does not authorize removal to federal court. *Metro supra at* 1546.

Complete preemption in an ERISA action comes from 29 U.S.C. § 1132(a) and "[t]he preemptive force of § 502(a) of ERISA is so 'extraordinary' that it converts a state claim into a

8

federal claim for purposes of removal and the well plead complaint rule." *Felix v. Lucent Technologies, Inc.*, 387 F.3d 1146, 1156 (10th Cir. 2004). An example of complete preemption would be an action under 28 U.S.C. § 1140 where the claim is that the aggrieved party was discharged because of or to keep someone from attaining a right under ERISA. *See Ingersoll - Rand Co. v. McCkendon*, 111 S.Ct. 478 (1990) (The issue presented to the Supreme Court was whether ERISA preempted a state common law wrongful discharge claim when employees alleged the motive for discharge was to keep a pension from vesting and to avoid making payments to a pension fund. The essence of the cause of action was the pension plan); *See also Ruby v. Sandia Corp.,* 699 F.Supp.2d 1247, 1263 (D. NM 2010).

**Waivability of federal jurisdiction by way of a forum selection clause:**

Complete preemption under ERISA is analogous to the requirement that suits under the Miller Act, 40 U.S.C. § 270b(b) proceed in federal court. The 10th Circuit, in *U.S. for Use of B & D Mechanical Contractors v. St. Paul Mercury Ins. Co.*, 70 F.3d 1115 (1995) found that a choice of venue could be contractually altered but not jurisdiction. "The jurisdiction of the federal courts—their power to adjudicate—is a grant of authority to them by Congress and thus beyond the scope of litigants to confer." *Neirbo Co. v. Bethlehem Shipbuilding Corp.,* 60 S.Ct. 153, 154 (1939). Thus, if the ERISA claim here is one of complete preemption, the forum selection clause, at least as to federal jurisdiction, is irrelevant. If the ERISA claim is one of conflict preemption, then the forum selection clause controls.

**ERISA as it applies to this action:**

Plaintiff instituted this action claiming breach of contract and a violation of the Colorado Wage Act, C.R.S. 8-4-101 *et seq*. For purposes of this motion only, the Court will assume it to be true that Plaintiff was an executive employee of Defendant Geovic Mining Corp., was receiving a salary, health insurance, retirement, vacation, had a severance package and other possible benefits. Also, for purposes of this motion only, the Court will assume without deciding that Plaintiff's package of benefits, health insurance and severance qualifies as an ERISA plan. Plaintiff claims that as of June 2014 Defendant stopped paying him in total including salary and all benefits. No theory is advanced in Plaintiff's complaint as to the reason for termination. Provided to the Court as an attachment to the notice of removal (Document 1) is a letter regarding termination from Plaintiff Morris to Geovic's CEO, Mr. Mason, dated 9/9/2014 (Document 1-7). The tone of the letter suggests that non-payment may have something to do with Defendant Geovic's financial circumstance:

> Based on the present limited cash position, statements made to others by the CFO, and upcoming financial obligations of Geovic, it is evident that obligations of Geovic to all employees for the June through August 2014 pay periods have not been timely met. It is unreasonable to expect me to continue to perform my duties under the Agreement without compensation.

Defendant filed an answer (Document 13). Defendant raises ERISA as an affirmative defense (Document 13, p. 4, para. B) under the theory that ERISA preempts Plaintiff's claims and remedies. Defendant advances the theory that Plaintiff abandoned his job but continued to be paid, for a time, despite the fact that he was not fulfilling his duties.

At its essence, the present action appears to be a breach of contract case with the dispute being whether Plaintiff abandoned his job or whether Defendant stopped paying Plaintiff. Nothing has been presented which would indicate that this action has anything to do with the administration of Plaintiff's severance package, the approval or denial or any ERISA benefits or

benefit package, other than the fact of the financial consequence to those benefits in that they were not paid or funded. The involvement of ERISA in this action is ancillary to the real dispute at hand. This is a breach of contract case in which Plaintiff seeks damages which might economically effect his ERISA plan, not a dispute over whether he had a plan and not a dispute over whether the plan was valid.

"A breach of employment contract claim does not relate to an ERISA plan simply because the alleged damages may economically impact the ERISA plan." *Thurkill v. The Menninger Clinic, Inc.,* 72 F.Supp.2d 1232, 1236 (D. KS 1999); *see also Pacificare of Oklahoma, Inc. v. Barrage*, 59 F.3d 151, 154 (10th Cir. 1995). A key factor to be looked at by the Court is whether liability depends on the existence of the severance pay and benefit package. *Thurkill supra*.

All the factors known to the Court indicate that this is not an action in which ERISA completely preempts. Thus, federal jurisdiction is waivable by way of a forum selection clause. The Court believes that the forum selection clause in this action is a mandatory forum selection clause and that it directs that any actions under the employment agreement must proceed in Colorado state court in Mesa County, Colorado.

For the foregoing reasons, this United States Magistrate Judge respectfully recommends that Plaintiff's objection to removal (essentially a motion to remand) be granted in accordance with the dictates of 28 U.S.C. § 1447(c).

Dated at Grand Junction, Colorado, this 9th of June, 2015

---

Gordon P. Gallagher
United States Magistrate Judge